UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

DAVID WILLIAM BROWN,

    Petitioner,

v.

KAREN HOGSTEN, *Warden*,

    Respondent.

Civil Action No. 6:11-00140-KSF

**MEMORANDUM OPINION
AND ORDER**

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

David William Brown, confined in the Federal Correctional Institution ("FCI")-Manchester, located in Manchester, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, [R. 2], and a motion to amend his § 2241 petition, [R. 7]. As Brown has paid the $5.00 filing fee, the Court screens his original and amended § 2241 petition pursuant to 28 U.S.C. § 2243. At the screening phase, the Court must dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted).[1]

Brown alleges that his concurrent 262-month federal sentences violate the Due Process Clause of the United States Constitution because they were improperly enhanced under 18 U.S.C.A. § 924(e), the Armed Career Criminal Act ("ACCA"). Brown's motion to amend his

---

[1] The Court holds *pro se* pleadings to less stringent standards than those drafted by attorneys. *Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the Court accepts as true a *pro se* litigant's allegations and liberally construes them in his favor. *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001).

§ 2241 petition to cite additional case law authority will be granted. But as Brown has not alleged that he is actually innocent of the two firearm offenses for which he was convicted, or that other grounds exist entitling him to relief under § 2241, both his original and amended § 2241 petitions will be denied and this action will be dismissed with prejudice.

## LITIGATION HISTORY

In 2002, a federal jury in Virginia found Brown guilty of possessing stolen firearms, in violation of 18 U.S.C. § 922(j), and possessing those firearms after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). *See United States v. Brown*, 7:02-CR-00024( W.D. Va.) ("the Trial Court"). On September 16, 2002, the District Court imposed two concurrent 262 month sentences and enhanced Brown's § 922(g)(1) sentences pursuant to 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), because he had previously been convicted of at least three violent felonies. Brown did not appeal, and his conviction became final ten days later, on September 26, 2002.

On February 9, 2011, Brown filed a motion in the District Court to vacate his sentences under 28 U.S.C. § 2255. *See id*., R. 117. Brown argued that, based on recent Supreme Court precedent, *Begay v. United States*, 553 U.S. 137 (2008), he was not subject to the enhanced penalty under the ACCA. *Begay* holds that DUI convictions are not violent felonies under the ACCA. *Id*., at 144-48. Brown also argued that the sentence imposed for the stolen firearms offense exceeded the statutory maximum..

Brown acknowledged that he filed his § 2255 motion after the expiration of the one-year

statute of limitations,[2] but argued that, because the relief he was seeking was not previously available, he was allowed to seek relief under the savings clause of § 2255. He further argued that because the District Court had sentenced him to eleven years in excess of the statutory maximum for this crime on the stolen firearms offense, a miscarriage of justice would occur if he were not granted relief from that part of his sentence.

The District Court denied Brown's § 2255 motion. *See id.*, R. 123; *see also*, *United States v. Brown*, No. 7:02cr00024, 2011 WL 1103347 (W.D. Va. March 22, 2011). First, it noted that the Supreme Court rendered *Begay* on April 16, 2008; that Brown had admitted in his § 2255 motion that he became aware of *Begay* that same year (2008), but that Brown did not file his § 2255 motion citing *Begay* until February 2011. *Brown*, 2011 WL 1103347, at *2. Accordingly, the District Court determined that Brown filed his motion twenty-two (22) months too late. *Id*.

Second, the District Court held that *Begay* did not support Brown's claim because three of his prior convictions had been for residential burglary, which under *Begay*, still qualifies as a predicate offense for sentence enhancement under the ACCA. *Id*. Accordingly, the District Court concluded that Brown ". . .was and remains subject to the enhanced penalty the court imposed under the Armed Career Criminal Act, 18 U.S.C. § 924(e). . . ." *Id*.

Third, the District Court explained that, although the sentence on the § 922(j) stolen firearms offense exceeded the statutory maximum, Brown would not have to serve a greater

---

[2] The one-year statute of limitations for filing a motion under § 2255 expired on September 26, 2003. *See* 28 U.S.C. § 2255(f)

3

sentence than he would otherwise serve for the § 922(g) because it had imposed concurrent sentences. *Id*., at *3. For that reason, the District Court concluded that no miscarriage of justice had occurred. *Id*. Brown did not appeal the denial of his § 2255 motion.

## CLAIMS ASSERTED IN THE § 2241 PETITION

Brown argues that, based on *Begay*, his prior burglary convictions no longer constitute predicate offenses under 18 U.S.C. § 924(e); that *Begay* applies to him retroactively, and that the enhancement of his sentence under the ACCA must be set aside under § 2241. Those claims fall under the Fifth Amendment of the United States Constitution, which guarantees due process of law. Brown also alleges that he was denied effective assistance of counsel when his trial counsel refused to appeal his conviction and sentence at his instruction. That claim falls under the Sixth Amendment of the United States Constitution, which guarantees effective assistance of counsel in criminal proceedings.

## DISCUSSION

1. **Brown's 28 U.S.C. § 2255 Remedy Was Not Inadequate or Ineffective**

Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). It is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10-cv-00036, 2010 WL at 3283018 at * 6 (E.D. Tenn. August 17, 2010).

The "savings clause" of § 2255 permits relief under § 2241 if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447; *Witham v. United*

*States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e). A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e). He must prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

The fact that the District Court rejected Brown's Fifth Amendment *Begay* claim does not entitle him to the extraordinary relief under § 2241. The remedy under § 2255 is not rendered "inadequate and ineffective" where the prisoner presented a claim in a § 2255 motion but was denied relief on the claim. *Charles*, 180 F.3d 756-758. Habeas corpus relief is unavailable to a federal prisoner whose claims have already been adversely ruled upon in a prior proceeding. *Smith v. Reno*, 3 Fed. App'x. 403 (6th Cir. 2001); *Harvey v. Eichenlaub*, No. 2:08-CV-11349, 2008 WL 1454150, at *1 (E.D. Mich. April 9, 2008); *Sandles v. Scott*, 26 F. Supp.2d 1355, 1356-57 (N.D. Ga. 1998).

Further, Brown did not assert his Sixth Amendment claim, alleging that he was denied effective assistance of counsel, in his § 2255 motion. The remedy under § 2255 is not rendered "inadequate and ineffective" where the prisoner missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Charles*, 180 F.3d 756-758. The remedy provided under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Id*. at 758. Brown's failure to raise his Sixth Amendment claim in his § 2255 motion precludes him from asserting it anew in this § 2241 petition.

## 2. No Claim of Actual Innocence

The savings clause of § 2255 can implicate § 2241 when the movant alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), which requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623-24; *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Brown does not allege that after he was convicted, new facts or evidence surfaced suggesting that he is actually innocent of either the § 922(g) felon-in-possession offense or the § 922(j) stolen firearm offense of which he was convicted. Brown instead challenges only his ACCA-enhanced sentences under *Begay*, a challenge which at best is one of "legal innocence," not "actual innocence," of the underlying firearm offenses for which he was convicted. *See Poole v. Barron*, No. 04-CV-95, 2004 WL 5605485 * 5 (E. D. Ky. May 26, 2004).

The savings clause of § 2255 does not extend to a § 2241 petitioner challenging his enhanced sentence and his status as a career offender, rather than the underlying offense(s) of which he was convicted. *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Poole*, 531 F .3d 263, 267 n. 7 (4th Cir. 2008); *Howard v. Shartle*, No. 4:10-CV-01128, 2010 WL 2889104, at *2 (N. D. Ohio July 20, 2010); *McKelvey v. Rivera*, No. 4:10-422, 2010 WL 2985965, at *4, (D.S.C. June 18, 2010). "No apparent legal authority supports the notion that this court, pursuant to § 2241, may adjudicate whether Petitioner is actually innocent of a

6

sentence-enhancing prior offense." *Evans v. Rivera*, No. 09-1153, 2009 WL 2232807, at* 4 (D.S.C., July 23, 2009).

This Court has held that a prisoner's claim that the sentencing court improperly enhanced his federal conviction based upon a prior state conviction is not cognizable under § 2241, and the Sixth Circuit has approved that approach. *Johnson v. Cauley*, No. 09-52-HRW (E.D. Ky. 2009) *aff'd,*, No. 09-5991 (6th Cir. July 9, 2010). *See also, Dismuke v. United States*, No. 10-179-GFVT, 2010 WL 2859079, at *4 (E. D. Ky. July 19, 2010); *McClurge v. Hogsten*, 10-CV-66-GFVT, 2010 WL 2346734, at *4 (E. D. Ky. June 10, 2010).

Other federal courts, facing similar claims from § 2241 petitioners using *Begay* to collaterally attack their sentences imposed prior to its issuance, have rejected the *Begay* claims and refused to allow them to use § 2241 to challenge their sentences. *Mackey v. United States*, Nos. 08-23431-CIV, 03-20715-CR, 2009 WL 2407666, at *5 (S.D. Fla. Aug.4, 2009) (because *Begay* addresses only sentencing issues, not the invalidation of a conviction or decriminalization of the petitioner's activities, he could neither assert a *Begay* claim under § 2241 nor argue that his § 2255 remedy was inadequate or ineffective); *Harvey v. Sherrod*, No. 08-CV-613-DRH, 2009 WL 2231718, at *6 (S.D. Ill. Jul 27, 2009) (*Begay* did not permit an "actual innocence" § 2241 claim because it was only an opinion on "statutory construction," not a new constitutional rule, and the § 2255 remedy was not ineffective or inadequate); *James v. Stansberry*, No. 08-512, 2009 WL 320606, at *2 (E.D. Va. Feb. 9, 2009) (finding that § 2241 actual innocence claim under *Begay* was really a successive § 2255 motion; no § 2241 jurisdiction), *aff'd*, 342 F. Appx. 865 (4th Cir. 2009), *cert. denied*, 130 S.Ct. 1549 (Feb. 22, 2010). Consequently, Brown's § 2241

claim of "actual innocence" as to his ACCA-enhanced sentence, not his two underlying firearm offenses, is insufficient to invoke the savings clause of § 2255 and the provisions of § 2241.

Further, *Begay* does not currently appear to be retroactively applicable to cases on collateral review, such as Brown's § 2241 petition. Another member of this Court has determined that *Begay* is not retroactively applicable on collateral review. *United States v. Jones*, No. 6:04-CR-70-DCR, 2010 WL 55930, at *3-*5 (E.D. Ky. January 4, 2010). Other district courts have also concluded that *Begay* is not retroactively applicable on collateral review. *United States v. Ross*, Nos. 06-cr-132-JCS, 09-cv-779-BBC, 2010 WL 148397, at *2 (W.D. Wis. January 12, 2010); *United States v. Holt*, 677 F. Supp.2d 1063, 1065 (W.D. Wis. 2009); *Cadieux v. United States*, Civil No. 09-42-B-W, 2009 WL 1286421, at *7 (D. Maine May 8, 2009); *see also*, *Bennett v. United States*, No.3:08cv00410, 2011 WL 1791305, at*3 (W.D.N.C. May 10, 2011) (concluding that *Begay* is not retroactively applicable in collateral proceedings absent a ruling from either the Supreme Court or the Fourth Circuit Court of Appeals).[3]

Assuming *arguendo* that *Begay* applies retroactively to Brown, the Trial Court properly determined he waited too long to assert the claim under § 2255, **and** that even if he had timely asserted the claim, it would have failed on the merits. As the Trial Court correctly noted, *Begay*

---

[3] Brown argues that *Begay* constitutes a new substantive rule which applies retroactively to collateral challenges, and correctly notes that *Welch v. United States*, 604 F.3d 408, 415 (7th Cir. 2010), supports that proposition. Other courts have ruled similarly. *See Lindsey v. United States*, 615 F.3d 998, 1000 (8th Cir. 2010); *United States v. Leonard*, 2009 WL 499357, at *4 (N.D. Okla. Feb. 27, 2009); *United States v. McElroy*, 2009 WL 1372908, at *3 (N.D. Okla. May 14, 2009), *George v. United States*, 650 F. Supp.2d 1196, 1200 (M.D. Fla. May 14, 2009), and *United States v. Blue*, 2009 WL 2581284, at *4 (D. Kan. Aug. 20, 2009). However, these decisions are not controlling in this circuit.

was rendered on April 16, 2008, so Brown had one year, *i.e.*, until April 16, 2009, in which to raise a timely *Begay* claim under § 2255. *See* 28 U.S.C. § 2255(f)(3). Brown did not file his § 2255 motion asserting the *Begay* claim until February 9, 2011, so the motion was untimely. *See Holt*, 677 F.Supp.2d at 1064 (noting that *Begay* was rendered in April 2008 and that the defendant had waited more than a year, until November 19, 2009, to file a § 2255 motion asserting a *Begay* claim).

Even so, the District Court properly concluded that *Begay* provided no basis for relief on the merits. Brown had four prior convictions for statutory burglary, which included three residential burglaries and one conviction for larceny from the person. The ACCA lists several offenses that constitute violent felonies and, therefore, qualify as predicate offenses. *See* § 924(e)(2)(B)(ii). "Burglary" is one of the violent felonies specifically enumerated in that subsection. Under the ACCA, a person has been convicted of burglary "if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990).

*Begay* does not hold that generic burglary[4] no longer qualifies as a predicate offense under the ACCA. Numerous courts have held that, even after *Begay*, burglary still qualifies as a predicate offense under the ACCA. *See United States v. Brown*, 398 F. App'x 865, 869 (4th Cir. 2010) (burglary of a commercial building is a predicate offense after *Begay*); *United States*

---

[4] Under § 924(e), "burglary"refers to "generic burglary." *Taylor*, 495 U.S. at 602. *Taylor* defined generic burglary as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id*. at 598.

*v. Shepard*, 340 F. App'x 349, 350 (8th Cir. 2009) (second-degree burglary is a violent felony after *Begay*); *United States v. McIlvoy*, No. 4:97cr00009, 2010 WL 4973750, at *2, (E.D. Ark., December 02, 2010) (petitioner's three predicate offenses of burglary, arson, and conspiring to manufacture and possess marijuana with intent to distribute constituted predicate offenses that were unaffected by *Begay*); and *United States v. Stanton*, No. 3:07cr00117, 2009 WL 2850935, at *4, n. 2 (M.D. Tenn., September 01, 2009) (holding that *Begay* did not attempt to limit the scope of the ACCA's "violent felony" provision regarding burglaries).  Because Brown's prior convictions for burglary clearly constituted predicate offenses under § 924(e), the District Court correctly determined that he was an armed career criminal and correctly enhanced his sentences.

Finally, the District Court also correctly noted that, as for Brown's prior conviction for larceny from the person, several Fourth Circuit cases decided in 2010 held that such an offense continues to qualify as a predicate offense, even after *Begay*.  *See Brown*, 2011 WL 1103347, at *2, n.1.  Thus, *Begay* offers no basis for challenging Brown's ACCA-enhanced sentence.

Because Brown has not shown that his remedy under § 2255 was inadequate or ineffective to challenge his detention; that he is actually innocent of the two firearm offenses of which he was convicted; or that a retroactively applicable Supreme Court decision affords him relief, the savings clause of § 2255 does not apply.  Brown's § 2241 petition will be denied, and this action will be dismissed, with prejudice.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)     Petitioner David William Brown's motion to amend his 28 U.S.C. § 2241 petition

for writ of habeas corpus, [R. 7] is **GRANTED**, and the Clerk of the Court is directed to docket that motion, [R. 7], dually as an "Amended § 2241 Petition;"

(2)　Brown's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, [R. 2], and his Amended § 2241 Petition, [R. 7], are **DENIED**;

(3)　This action is **DISMISSED**, *sua sponte*, with prejudice from the docket; and

(4)　Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, Karen Hogsten, Warden of FCI-Manchester.

This February 2, 2012.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge